**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

May 29, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EDWIN E. COPELAND,**
**Claimant Below, Petitioner**

**vs.)    No. 18-0172** (BOR Appeal No. 2052143)
                         (Claim No. 2016016313)

**MT. OLIVE CORRECTIONAL COMPLEX,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Edwin E. Copeland, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mt. Olive Correctional Complex, by Lisa Warner Hunter, its attorney, filed a timely response.

The issue on appeal is whether bucket handle tear of the meniscus of the right knee should be added to the claim and whether surgery should be authorized. The claims administrator denied authorization for a right knee arthroscopy with ACL reconstruction, hamstring tendon autograft, possible allograft, and partial medical menisectomy or repair on February 25, 2016. On May 24, 2016, it denied the addition of bucket handle tear of the meniscus of the right knee to the claim. The Office of Judges affirmed the decisions in its July 18, 2017, Order. The Order was affirmed by the Board of Review on January 31, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Copeland, a guard, was injured in the course of his employment on December 11, 2015, when he sat down and felt his right knee pop. Treatment notes from Montgomery General Hospital that day indicate Mr. Copeland underwent right knee x-rays. When compared to x-rays taken on June 1, 2015, the impressions were minimal narrowing of the knee joint space,

unchanged from the prior x-rays, and no fracture or dislocation. The diagnoses were meniscal tear of the knee and knee sprain. It was noted that Mr. Copeland had a history of an anterior cruciate ligament repair twenty years prior and occasional knee pain for the past ten years. The employee's and physician's report of injury indicates the claimant went to sit down and felt his knee pop. The physician's section was completed at Montgomery General Hospital and indicates a diagnosis of right knee sprain, rule out internal ligament tear. It was noted that the injury aggravated a prior injury/disease.     Mr. Copeland was treated again at Montgomery General Hospital on December 18, 2015. At that time he was told to continue light duty work only. The diagnosis was unspecified tear of the meniscus and knee sprain.

The claims administrator held the claim compensable for right knee sprain and right knee pain on December 31, 2015. On January 10, 2016, Mr. Copeland underwent an MRI that revealed a large bucket handle tear of the medial meniscus with fragments, mild medial compartment and mild to moderate patellofemoral compartment cartilage loss, and a possible anterior cruciate ligament tear. Rob Eggleston, M.D., treated Mr. Copeland on January 15, 2016. Mr. Copeland reported at that time that his knee had been swollen and painful since the compensable injury. He was unable to perform his job duties as they required a lot of walking and quick movement if necessary. Dr. Eggleston recommended referral to an orthopedic surgeon.

On January 28, 2016, William Browning, D.O., evaluated Mr. Copeland. Right knee x-rays showed mild degenerative changes with small joint space narrowing of the medial compartment. Dr. Browning diagnosed right knee anterior cruciate ligament tear, right knee bucket handle tear of the meniscus, and work-related right knee injury. He requested authorization of a right knee arthroscopy with anterior cruciate ligament reconstruction and partial medial meniscectomy or repair.

Mr. Copeland underwent an independent medical evaluation by Prasadarao Mukkamala, M.D., on February 23, 2016. Dr. Mukkamala noted that there were discrepancies between the information given, the history, and the medical records. He found that Mr. Copeland kept changing the history of his injury. Dr. Mukkamala opined that there was no credible, reliable evidence of a knee injury on December 11, 2015. He noted that Mr. Copeland had prior knee problems for the past ten years. Dr. Mukkamala opined that whatever treatment was needed for the meniscal tear and possible anterior cruciate ligament tear was unrelated to the compensable injury. Dr. Mukkamala found that no further treatment was necessary as there was no work-related injury sustained. Based on his opinion, the claims administrator denied authorization for a right knee arthroscopy with anterior cruciate ligament reconstruction, hamstring tendon autograft, possible allograft, and partial medial meniscectomy or repair on February 25, 2016.

In an April 13, 2016, addendum to his report, Dr. Mukkamala reiterated that there was no objective, credible medical evidence that Mr. Copeland sustained an injury at work on December 11, 2015. He stated that Mr. Copeland was merely sitting down when he felt that his right knee popped. The bucket handle tear and anterior cruciate ligament deficiency seen on the MRI were degenerative in nature and likely preexisting. The preexisting degenerative changes are probably what made Mr. Copeland feel as if his knee popped. Dr. Mukkamala again opined that there was no injury whatsoever to Mr. Copeland's knee on December 11, 2015. Since there was no injury,

2

Dr. Mukkamala opined that surgery is not necessary unless it is to treat noncompensable conditions. On May 24, 2016, the claims administrator denied the addition of bucket handle tear of the meniscus of the right knee to the claim.

Mr. Copeland testified in a deposition on September 29, 2016, that following the injury on December 11, 2015, it was difficult to maneuver his right knee. His knee symptoms have not lessened and it still swells and causes pain. He stated that prior to the injury, he was able to run. Since the injury, he has been unable to run. Mr. Copeland further testified that he sustained an injury to the knee in August of 2015 when he fell down stairs, but he fully recovered. He stated that he was talking on a phone on December 11, 2015, and tried to sit on the edge of a desk when his knee popped. He asserted that he had no swelling, locking, or popping prior to the December 11, 2015, injury but now experiences those symptoms. Mr. Copeland admitted that he had previously sustained a small anterior cruciate ligament tear and wears a brace for the right knee when he is exercising.

The Office of Judges affirmed the claims administrator's decisions denying the addition of bucket handle tear of the meniscus in the right knee to the claim and denying a right knee arthroscopy with anterior cruciate ligament reconstruction, hamstring tendon autograft, possible allograft, and partial medial menisectomy or repair. It found that the claim was held compensable for a right knee sprain/strain. Mr. Copeland had a prior anterior cruciate ligament tear as well as a right knee sprain in August of 2015. A January 10, 2016, MRI showed a meniscus tear. Mr. Copeland was then evaluated by Dr. Mukkamala who found that the meniscus tear and anterior cruciate ligament deficiency were the result of degenerative changes in the knee rather than an acute injury. Dr. Mukkamala found that Mr. Copeland sustained no injury to his knee on December 11, 2015, and that his preexisting conditions caused the feeling of his knee popping on that date. Dr. Mukkamala's opinion was found to be the most persuasive of record. The denial of the addition of bucket handle meniscus tear to the claim was therefore affirmed. The Office of Judges further found that since the meniscus tear and anterior cruciate ligament deficiency were not compensable conditions, the surgery to treat those conditions was also properly denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 31, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Copeland failed to prove by a preponderance of the evidence that the meniscus tear was the result of the compensable injury. He had prior right knee problems and Dr. Mukkamala opined, based on the MRI, that the meniscus tear and anterior cruciate ligament deficiency were the result of preexisting degenerative changes. Dr. Mukkamala's opinion is reliable and credible. The surgery to treat the conditions was therefore also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 29, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum

4